IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL MEYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1402-D |
| | § | |
| TEXAS HEALTH RESOURCES, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Carol Meyers has filed a motion to compel discovery in this civil action seeking benefits under a Separation Pay Plan and Separation Pay Policy, an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.[1] At issue are interrogatories and document requests pertaining to:

- the compensation of decisionmakers and their supervisors who were involved in reviewing plaintiff's claim for separation pay benefits (Interrog. # 13, 14 & 17; RFP # 4 & 8);

- the effect of paying benefits under the Plan on defendant's financial condition and its decision to restructure operations in October 2008 (RFP #6 & 36); and

- claims made by other eligible employees for separation pay benefits (RFP # 12, 17 & 18).

Defendant objects that these discovery requests are overly broad, unduly burdensome, and outside the scope of permissible discovery in an ERISA action. The parties have briefed their respective

---

[1] Under the Plan, eligible employees whose jobs are eliminated as a result of closing all or part of a department, outsourcing all or part of a department, restructuring, modifying position requirements, or other changes in operations are entitled to separation pay benefits.

positions in a joint status report filed on September 20, 2010, and the motion is ripe for determination.

With limited exceptions, discovery in an ERISA action seeking judicial review of the denial of benefits is restricted to consideration of the administrative record. *See Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc), *abrogated on other grounds, Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2351, 171 L.Ed.2d 299 (2008). One such exception is where the participant or beneficiary alleges that the plan administrator operates under a conflict of interest. *See, e.g. Dalrymple v. Metropolitan Life Ins. Co.*, No. 2-09-CV-174-TJW, 2010 WL 695828 at *1 (E.D. Tex. Feb. 23, 2010); *Faykus-Orr v. Liberty Life Assurance Co. of Boston*, No. 3-06-CV-0750-D, 2006 WL 3734213 at *1 (N.D. Tex. Dec. 18, 2006).[2] In such cases, discovery outside the administrative record is permitted to enable the beneficiary to develop evidence demonstrating the extent of the conflict. *Faykus-Orr*, 2006 WL 3734213 at *1; *see also Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004), *overruled on other grounds, Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009).

Plaintiff contends that all of her discovery requests implicate the conflict of interest exception. In *Faykus-Orr*, this court held that discovery pertaining to the compensation of decisionmakers and their supervisors "may shed light on the extent of [the administrator's] conflict of interest in both administering and insuring the plan." *Faykus-Orr*, 2006 WL 3734213 at *2. If such discovery revealed that decisionmakers were compensated or rewarded for cutting benefits or denying claims, the court would be justified in giving the administrator's decision to deny benefits

---

[2] The court may also consider evidence of "how an administrator has interpreted terms of the plan in other instances, and evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim." *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000), *citing Vega*, 188 F.3d at 299. However, plaintiff does not seek discovery for that purpose.

less deference. *Id.*; *see also Lain v. UNUM Life Ins. Co. of America*, 279 F.3d 337, 343 n.7 (5th Cir. 2002), *abrogated on other grounds, Glenn*, 128 S.Ct. at 2351. However, unlike *Faykus-Orr*, where it was unclear whether decisionmakers were compensated or rewarded for cutting benefits or denying claims, defendant herein has provided evidence in the form of sworn interrogatory answers that Michelle Kirby, the sole decisionmaker with respect to plaintiff's claim for severance pay benefits, was not compensated based on "her determination of appeals related to claims for benefits under the Plan, and she received no financial incentives of any kind tied to her denial of claims for benefits under the Plan." (*See* Plf. Mot. App. at 012, Interrog. # 17). In response to another interrogatory, defendant explained that "[n]o employee of THR has or receives compensation of any kind that is tied in any way to the determination of appeals related to claims for benefits under the Plan." (*Id.* at 009, Interrog. #13). In view of this evidence, none of which is controverted or disputed by plaintiff, discovery regarding Kirby's compensation is not relevant to the conflict of interest issue.

Nor is plaintiff entitled to discovery regarding: (1) the effect of paying benefits under the Plan on defendant's financial condition and its decision to restructure operations; and (2) claims made by other eligible employees for separation pay benefits. The only authority cited by plaintiff is *Copus v. Life Ins. Co. of North America*, No. 7-07-CV-113-R, 2008 WL 2794807 (N.D. Tex. Jul. 18, 2008). However, nothing in *Copus* authorizes the broad discovery sought by plaintiff. Although *Copus* recognizes that evidence reflecting "a history of biased claims administration" is relevant to determining whether a conflict-of-interest exists, *id.*, 2008 WL 2794807 at *1, *citing Glenn*, 128 S.Ct. at 2351, that case did not involve discovery requests aimed at the defendant's overall financial condition or claims made by similarly situated employees. Absent controlling Supreme Court or Fifth Circuit precedent authorizing such discovery, the court will not compel defendant to answer these document requests. *Cf. Dramse v. Delta Family-Care Disability & Survivorship Plan*, No. 3-

05-CV-0524-M, 2006 WL 536624 at *1 (N.D. Tex. Mar. 6, 2006) (plaintiff not entitled to discover whether provisions in ERISA plan were applied consistently with respect to similarly situated claimants); *Pylant v. Hartford Life and Acc. Ins. Co.*, No. 3-05-CV-0379-G, op. at 7 (N.D. Tex. Jan 20, 2006), *aff'd,* 2006 WL 3247314 (N.D. Tex. Nov. 9, 2006), *aff'd,* 497 F.3d 536 (5th Cir. 2007).

## **CONCLUSION**

For these reasons, plaintiff's motion to compel discovery [Doc. #36] is denied.

SO ORDERED.

DATED: September 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE